IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| K.A. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-311-CB-N |
| | ) | |
| BP AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

By order (doc. 3) dated June 24, 2010, the court noted certain apparent discrepancies between plaintiff's complaint and his motion to proceed in forma pauperis. That order also required plaintiff, who is proceding *pro se*, to

> file a further statement, under oath, detailing his residence and living situation over the past six months, his income over the past six months from any and all sources including charitable gifts, his employment history for the past two years, any and all personal property and real property in which he has an ownership interest. Failure to file such a statement within the time provided will result in a recommendation that this action be dismissed without prejudice for lack of prosecution and/or for failure to abide by the orders of the court.

To date, plaintiff has not complied with the court's order, and has not sought additional time to do so or otherwise communicated with the court.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. *See, e.g.,* Hudson v. Cardwell Corp., Slip Copy, 2006 WL 2135791, *2 (S.D.Ala. July 27, 2006) (Steele, J.). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. *See, e.g.*, Brown v. Tallahassee Police Department, Slip

Copy, 2006 WL 3307444, *1 (11th Cir. Nov.15, 2006). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. *See, e.g.*, State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir.1982). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.; *see also e.g.,* Link v. Wabash R.R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962). Dismissal with prejudice is thus appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. *See, e.g.*, Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir.1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985).

Due to Plaintiff's failure to comply with this Court's Orders (Doc. 3, 4) and prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *See, e.g.*, Link, 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 15th day of July, 2010.

/s/ Katherine P. Nelson  
KATHERINE P. NELSON  
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE